**Saul GROSSMAN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 12052.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 27, 1955.

Decided Jan. 12, 1956.

Mr. David Rein, Washington, D. C.,
for appellant.

Mr. John D. Lane, Asst. U. S. Atty.,
with whom Mr. Leo A. Rover, U. S.
Atty., and Messrs. Lewis Carroll and
William Hitz, Asst. U. S. Attys., were
on the brief, for appellee.

Before PRETTYMAN, BAZELON
and BASTIAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant Grossman was indicted and
tried before the District Court without
a jury on three counts charging that he
failed and refused to answer certain
questions asked him by the Committee
on Un-American Activities of the House
of Representatives.

The appeal presents a peculiar prob-
lem. After some preliminary events
Grossman, during a session of the Com-
mittee, was served with a forthwith sub-
poena to produce certain records before
the Committee. He returned to the
stand but did not produce the records.
He was asked by counsel for the Com-
mittee, "I desire to ask whether you have
with you the records called for in this
subpoena." He answered, "I do not,"
and then claimed the privilege against
self-incrimination. After some inter-
vening colloquy he was asked: "I asked
you whether or not you refuse to pro-
duce the records called for in the sub-
poena. Because I am demanding the
production of them." Grossman declined
to answer that question, claiming the
privilege. Counsel for the Committee
then requested the Chairman to direct
the witness to produce the records, and
the Chairman said: "Yes; the Acting
Chairman directs that the witness pro-
duce the records of the Michigan Com-
mittee for the Protection of Foreign
Born described in the subpoena duces
tecum." Grossman declined to answer,
claiming the privilege.

The first count of the indictment was
for wilful failure and refusal to produce
the records. The second count was for
refusal to answer the question why he
did not have with him the records. The
third count was for refusal to answer
the question whether or not he refused
to produce the records called for in the

subpoena. Upon the trial the court found Grossman not guilty on the first count, that is, not guilty of wilful refusal to produce the records. The court held that since the witness was from Detroit it was physically impossible for him to respond to a forthwith subpoena for the records. The court found the defendant likewise not guilty on the second count.

Grossman was found guilty on the third count, that is, he was found guilty of wilful refusal to answer the question whether he refused to produce the records. The court held that the assertion of privilege was not well founded, since the records were records of an organization. Then the court adverted to the failure of the Committee to direct the witness to answer the question. The judge said that it would have been much better if there had been such a direction; but he pointed out that it had been held by this court that such a direction is not indispensable, provided it is clearly indicated that the Committee rejects or overrules the assertion of the privilege. The trial court obviously had in mind the decisions of this court in the Quinn,[1] Emspak[2] and Bart[3] cases, in which we held that a sufficient basis is laid for a charge of refusal to answer a question if the witness is made aware in some manner or other that the Committee desires him to answer despite his claim of the privilege. But the Supreme Court reversed all three of those cases.[4] It held that the Committee must either specifically overrule the objection or specifically direct the witness to answer despite his objection. Thus the authority upon which the trial court relied has since been reversed.

■ The present problem is posed by two facts: (1) that the court found Grossman not guilty of failure to produce the records and (2) that, while Grossman was specifically directed to produce the records, he was not specifically directed to answer the question put to him—"whether or not you refuse to produce the records called for in the subpoena." The latter question may be viewed as the equivalent of a demand to produce, or it may be viewed as a separate and different query. The latter view would be that the interrogator may have been emphasizing the word "refuse" in order to ascertain whether Grossman did not merely fail to produce but affirmatively refused to do so. A dilemma ensues. If the question as to refusal is the same as the demand to produce, Grossman was found not guilty of the charge; he was found not guilty of failure to produce. If the question is different from the demand he was not directed to answer this separate question; he was merely directed to produce. We see no escape from reversal in this situation. Grossman cannot be held guilty of something for which he has been acquitted, and neither can he be held guilty of refusing to answer a question which he was not specifically directed to answer. He must be acquitted under either of the two possible views of the question put to him.

■ We are mindful of the fact that in a footnote to the opinion in the Quinn case[5] the Supreme Court referred to the Congressional proceeding in the matter now at bar as one in which the approved practice of directing a witness to answer was followed. But we think that reference was to the direction to produce the records and that the Court did not have in mind the problem which has arisen from the acquittal on that failure to produce. If we have erroneously construed the Supreme Court's reference

1. Quinn v. United States, 1952, 91 U.S. App.D.C. 344, 203 F.2d 20.

2. Emspak v. United States, 1952, 91 U.S. App.D.C. 378, 203 F.2d 54.

3. Bart v. United States, 1952, 91 U.S.App. D.C. 370, 203 F.2d 45.

4. Quinn v. United States, 1955, 349 U.S. 155, 75 S.Ct. 668, 99 L.Ed. 964; Emspak v. United States, 1955. 349 U.S. 190, 75 S.Ct. 687, 99 L.Ed. 997; Bart v. United States, 1955, 349 U.S. 219, 75 S.Ct. 712, 99 L.Ed. 1016.

5. 349 U.S. at page 170, note 45, 75 S. Ct. 668.

to this case, that fact will be persuasive ground for the grant of a writ of *certiorari*.

Reversed.

BASTIAN, Circuit Judge, dissents.